UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
N.H., A Minor, by and through his parent and guardian
CYMANTHA HOLLY, and CYMANTHA HOLLY,
individually,

26-cv-128

**COMPLAINT**

Plaintiffs,

-against-

JURY DEMAND

THE CITY OF NEW YORK, and JOHN DOE AND
JANE DOE #1-10 (the names John and Jane Doe being
fictitious, as the true names are presently unknown),
Defendants.
----------------------------------------------------------------X

Plaintiffs, N.H. A Minor, by and through his parent and guardian, CYMANTHA HOLLY, and CYMANTHA HOLLY, individually, by their attorney, The Law Office of PHILIP AKAKWAM, P.C., complaining of the defendants herein, The City of New York and John Doe and Jane Doe #1-10 (collectively, "defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiffs timely made and served their notice(s) of claim in compliance with N.Y. Gen. Mun. Law §50-e.

5. At least thirty days have elapsed since the service of aforesaid notice(s) of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

## THE PARTIES

6. Plaintiffs are and were at all times material herein residents of Brooklyn, County of Kings, City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9. Defendants John Doe and Jane Doe #1-10 (collectively, "defendant officers") were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

10. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. On or about October 11, 2024, at approximately 4:00 p.m., defendant officers, acting in concert with themselves and other individuals, arrested N.H. at or close to the vicinity of 345 Jay Street, Brooklyn, New York 11201, and unreasonably detained the plaintiffs for a lengthy period of time thereafter.

12. Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.
13. Prior to the arrest, N.H. was returning home after school.
14. As N.H. and some of his friends were walking home, defendant officers forcibly grabbed him and slammed him against the wall.
15. Upon information and belief, defendant officers met with some unknown individual(s) at some point and did agree during this meeting to arrest N.H.
16. Defendant officers tightly placed handcuffs on N.H.
17. Defendant officers subjected N.H. to an illegal and unlawful search.
18. Defendant officers' illegal search of J.A. did not yield any contraband.
19. N.H. inquired as to the reason for the arrest, but defendant officers ignored him.
20. Eventually, defendant officers forcibly placed N.H. inside their police vehicle and transported him to NYPD-84th Precinct.
21. Because the handcuffs were too tight and were causing N.H. to experience pain and numbness, he complained and pleaded with defendant officers to remove or loosen the handcuffs.
22. Defendant officers ignored N.H.'s entreaties to remove or loosen the handcuffs.
23. While at the precinct, defendant officers further subjected N.H. to an illegal and unlawful search.
24. Defendant officers' illegal search of N.H. did not yield any contraband.
25. Upon learning of N.H.'s arrest and was detained at the precinct, plaintiff Holly called the precinct to inquire as to the reason for the arrest.
26. Defendant officers stated that they did not have anyone bearing his name in custody.
27. Plaintiff Holly was forced to travel to the precinct.
28. While at the precinct, plaintiff Holly was led to believe that the arrest was a mistake and that the N.H. would be released to her after a short while.
29. Plaintiff Holly was detained and/or forced to wait at the precinct for several hours.

30. N.H., who is a minor, was interrogated at the precinct outside of the presence of his parents.

31. Eventually, defendant officers informed the plaintiffs that N.H. had been charged with grand larceny.

32. The plaintiffs were eventually released from the precinct with instructions to appear at the family courthouse on October 17, 2024, to defend the false charge(s) levied against him.

33. On October 17, 2024, the plaintiffs appeared at the family courthouse as they were directed but were advised to await further instructions in the mail.

34. On or about December 16, 2024, plaintiffs received a notice entitled Notice of Declination indicating that a petition would not be filed against N.H. and that the charge(s) against him would be dismissed and sealed within 30 days.

35. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

36. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

37. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of rights to familial association, loss of liberty, wages and financial losses, loss of consortium, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

38. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

39. The conduct of defendant officers, as described herein, amounted to false arrest.

40. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

41. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

42. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. Defendant officers denied plaintiffs their due process right to be free from continued detention after it was or should have been known that the plaintiffs were entitled to release.

44. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

45. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

46. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

47. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. Defendant officers unlawfully grabbed N.H, tightly handcuffed him, frisked and searched him on multiple occasions, and restrained plaintiffs' freedom to walk away.

49. Defendant officers did not have any reasonable grounds to believe that the plaintiffs were engaged (or had planned to engage) in any criminal activity.

5

50. Defendant officers by their conduct as described herein subjected plaintiffs to unlawful stop & frisk and/or unreasonable search & seizure.

51. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

52. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

53. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.

54. Defendant officers manufactured evidence of criminality against N.H. likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against N.H.

55. The plaintiffs were deprived of their liberty as a result.

56. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

57. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

58. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: DENIAL OF RIGHT TO INTIMATE FAMILIAL ASSOCIATION - against defendant officers

59. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60. Defendant officers intentionally arrested N.H., and refused to acknowledge his arrest when contacted by plaintiff Holly, in order to separate him from his family.

61. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

62. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

63. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64. Defendant officers purposely or knowingly used unreasonable force against N.H.

65. There was no legitimate governmental interest in defendant officers' unnecessary and wanton infliction of pain and suffering upon N.H.

66. The conduct of defendant officers, as described herein, amounted to excessive use of force.

67. Such conduct described herein violated N.H.'s rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

68. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

69. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70. Defendant officers forwarded to the prosecutors their falsified records and statements.

71. Relying upon the records and statements, the prosecutors initiated criminal actions against N.H.

72. Plaintiffs were required to, and did, appear in court to defend the false charges levied against N.H. with malice by defendants.

73. Because of the conduct of the defendants, N.H. was maliciously prosecuted.

74. Eventually, the criminal proceedings terminated in N.H.'s favor.

75. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

76. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

77. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

78. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79. In an effort to find fault to use against N.H. who is black, defendant officers and the unknown individual(s) met and agreed to deprive N.H. of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

80. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

81. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

82. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

84. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

85. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

86. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

87. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88. Defendant City, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of arresting individuals for filing complaints against other individuals and has failed to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants,

   reasonable search of individuals and/or their properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

89. In addition, the City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups, such as plaintiff, on the pretext that they were involved in crimes.

90. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

91. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

92. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful conduct. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

93. Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups, such as the plaintiff, in order to arrest and/or maliciously prosecute them.

94. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-84th Precinct alleging, among other things, that the police officers unlawfully stopped and frisked, illegally

searched and seized, falsely arrested, and/or maliciously prosecuted the plaintiffs without probable cause.

95. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

96. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested N.H., incarcerated him, and abused and/or assaulted the plaintiffs.

97. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

98. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

99. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>ELEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11, & 12 - against defendants</u>

100. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 99 of this complaint as though fully set forth herein.

101. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiffs without probable cause or reasonable suspicion, subjecting the plaintiffs and their properties to unreasonable searches and seizures, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

102. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

103. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

104. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

TWELFTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

105. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

107. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

108. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 107 of this complaint as though fully set forth herein.

109. By reason of and as a consequence of the conduct of defendant officers, N.H. sustained injuries with the accompanying pain.

110. The conduct of the defendants, as described herein, amounted to assault and battery.

111. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

112. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

114. Plaintiffs' emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

115. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEW YORK CITY ADMINTRATIVE CODE §§ 8-802, 8-803- against defendants

116. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiffs without probable cause or reasonable suspicion, subjecting the plaintiffs and their properties to unreasonable searches and seizures, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities provided under N.Y.C. Admin. Code §§ 8-802 and 8-803.

118. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

119. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 118 of this complaint as though fully set forth herein.

120. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers concerning, among other things, correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

121. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

122. Upon information and belief, defendant City through various its agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

123. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

124. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers and defendant store clerk were not prudent and were potentially dangerous.

125. Upon information and belief, defendant City's negligence in screening, hiring, and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
       January 9, 2026

                        PHILIP AKAKWAM, P.C.

                        <u>/s/Philip Akakwam</u>
By:   Philip Akakwam
        Attorney for the Plaintiffs
        303 Livingston Street, 2nd Floor
        Brooklyn, N.Y. 11217
        Tel. No: (718) 858-2488